# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Petition of ISABELLA COUNTY TREASURER

---

ISABELLA COUNTY TREASURER,

      Petitioner-Appellant,

v

ESTATE OF TIMOTHY SCOTT PUNG,

      Respondent-Appellee.

UNPUBLISHED
February 10, 2015

No. 318616
Isabella Circuit Court
LC No. 2012-010050-CF

---

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Petitioner appeals as of right from an order dismissing its petition for tax foreclosure and declaring that respondent paid its property taxes in full for the 2010 and 2011 tax years. In doing so, the lower court found that respondent was entitled to a principle residence exemption based on a 2012 decision of the Michigan Tax Tribunal involving a dispute between the parties. We affirm.

The subject property in this dispute is located at 3176 St. Andrews Drive, Mt. Pleasant, Michigan. Timothy Pung purchased the property by warranty deed in 1991 and was granted a principal residence exemption[1] in 1994. Timothy Pung died intestate in 2004, leaving his wife, Donnamarie Pung, and two children, Katie Pung and Marc Pung, as beneficiaries of his estate. Following Timothy's death, Donnamarie Pung lived in the house continuously until her death in 2008. At that point, Marc Pung began continuously occupying the property and continues to do so to this day. Timothy Pung's estate was not closed as of March 2012.

In March 2010, petitioner issued a denial of respondent's principle residence exemption for the tax years 2007, 2008, and 2009. Respondent appealed to the Michigan Tax Tribunal on April 19, 2010. However, the Tax Tribunal was not able to hold a hearing on the issue until February 15, 2012. After holding that hearing, the Tax Tribunal issued a final opinion and order

---

[1] MCL 211.7cc

-1-

on March 7, 2012, concluding that respondent was entitled to a principal residence exemption. In its final opinion and order, the Tax Tribunal made the following findings of fact:

4. Mr. Pung's surviving spouse, Donnamarie Pung, and two children, Katie Pung and Marc Pung are the beneficiaries of Mr. Pung's estate.

5. Mr. Pung's estate has not been closed as of the date of this Final Opinion.

6. [Respondent[2]] is the owner of the subject property.

7. Mr. Pung's surviving spouse, Donna Pung, occupied the subject property continuously from the date of Mr. Pung's death until late 2008.

8. Mr. Pung's surviving son, Marc Pung has continuously occupied the subject property from late 2008 and continues to reside at the subject property.

9. Mr. Pung filed an affidavit to claim the PRE dated February 16, 1994.

10. The subject property has a PRE of 0% for the tax years at issue.

Based on these facts, the Tax Tribunal made the following conclusions of law:

1. [Respondent] has proven, by a preponderance of the evidence, that the subject property is qualified to receive an exemption under MCL 211.7cc for the tax years at issue.

2. The following authority and reasoned opinion supports this burden of proof determination: MCL 211.7cc (2) provides that an owner of property may claim an exemption from school operating taxes so long as the property is owned and occupied as a principal residence by that owner of the property on or before May 1 of the Tax year at issue. MCL 211.7dd(a)(iii) defines the term "owner" to include "a person who owns property as a result of being a beneficiary of a will or trust or as a result of intestate succession." MCL 211.7dd(c) provides that a "principal residence" means the "one place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return . . . ." In this regard, the Tribunal finds that even though title to the subject property has not passed to Donnamarie Pung and Marc Pung, as intestate successors to Timothy Pung both individuals are "owners" of the subject property as that term is defined in applicable statute. Further, the evidence presented by [respondent] clearly establishes that Donnamarie Pung resided at the subject property before the death of her husband, Timothy Pung, and continued to reside at the subject property until Fall 2008. The evidence also establishes that Marc Pung began residing at the subject property when his mother vacated the

---

[2] Respondent was the "petitioner" in the case before the Tax Tribunal.

property, and continues to reside at the subject property. [Respondent] has sufficiently proven through testimony and exhibits that the subject property was owned and occupied as a principal residence by two of the beneficiaries of the Trust. [Final opinion and order of the tax tribunal, 3/7/12].

As a result, the Tax Tribunal ordered that the subject property be granted a principal residence exemption for the 2007, 2008, and 2009 tax years.

Following the decision of the Tax Tribunal, respondent paid its tax obligations for the tax years 2010 and 2011 as calculated, including a principal residence exemption. Nonetheless, on June 14, 2012, petitioner included the subject property in its petition for foreclosure believing that respondent was not entitled to the principal residence exemption for those years.

On February 4, 2013, respondent requested that the lower court dismiss the petition, citing the previous decision of the Tax Tribunal. As a result, the lower court scheduled a hearing on the issue. Two days later, petitioner filed an amended petition for foreclosure, removing the subject property from the list of properties being forfeited and foreclosed upon. Nonetheless, at the February 15, 2013, hearing, respondent requested that the lower court declare its 2010 and 2011 taxes paid in full, based on the ruling of the Tax Tribunal. Petitioner objected to respondent's request, arguing that because it had removed the subject property from its amended petition for foreclosure, respondent received its relief and the lower court was without jurisdiction to award any additional relief. While the lower court admitted that it does not have original jurisdiction in the parties' dispute, it concluded that it had the power to apply the findings of the Tax Tribunal in the current case in order to find that respondent's taxes had been paid in full for the years 2010 and 2011.

On appeal, petitioner first argues that the lower court did not have jurisdiction to determine the factual issue of whether respondent had paid its real property taxes for the 2010 and 2011 tax years. We disagree.

There is no preservation requirement to object to the court's factual findings or ultimate ruling. MCR 2.517(A)(7); *Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005). Likewise, there is no preservation requirement for a party challenging the subject matter jurisdiction of the lower court. *Paulson v Sec'y of State*, 154 Mich App 626, 630-31; 398 NW2d 477 (1986). Whether a court has subject-matter jurisdiction is a question of law which this Court reviews de novo. *In re Wayne Co Treasurer*, 265 Mich App 285, 290; 698 NW2d 879 (2005).

Here, the lower court properly exercised subject matter jurisdiction over this case. First, the lower court did not lose subject matter jurisdiction simply because petitioner filed an amended petition removing the subject property from its foreclosure proceedings. Under MCR 2.504(A)(2), a petitioner cannot unilaterally dismiss its claim against a respondent once that respondent files a response, unless it obtains an order from the court or a stipulation signed by both parties. Respondent filed its response seeking dismissal of petitioner's claim two days

before petitioner filed its "amended petition."[3]  As a result, petitioner could not voluntarily remove the subject property from its petition for foreclosure because it did not receive an order from the lower court or a stipulation by respondent.

Next, the lower court had the authority to apply the findings of the tax tribunal to the current case.  The Michigan Tax Tribunal and the circuit court have complimentary roles in tax foreclosure disputes.  *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App 108, 110; 777 NW2d 507 (2009).  Under MCL 205.731, the Tax Tribunal has exclusive and original jurisdiction over any "final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state."  This authority is "effective notwithstanding the provisions of any statute, charter, or law to the contrary."  MCL 205.707.  Under MCL 211.78k(2) & (3), the circuit court has authority to hear any challenge to the validity or correctness of a property's unpaid taxes if that property is listed in a petition for tax foreclosure.

This Court resolved the apparent conflict between these two statutes in *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App at 110.  There, this Court held that the Tax Tribunal has jurisdiction to resolve "factual issues" which require its expertise.  *Id.* at 112.  However, because the tribunal does not have the authority to invalidate statutes or consider constitutional matters, those issues reside within the jurisdiction of the circuit court.  *Id.*  As a result, the circuit court has jurisdiction over tax forfeiture challenges that do not require *any* findings of fact, *only* construction of law.  *Id.*  The Tax Tribunal, on the other hand, has jurisdiction over any forfeiture challenges that involve a factual dispute, including direct challenges to a tax assessment per se and peripheral matters related to enforcement.  *Id.* at 113.

Here, the lower court was within its jurisdiction when it determined that respondent's taxes were paid in full because that decision did not require the lower court to make any findings of fact.  The previous decision of the Tax Tribunal specifically laid out *its* factual findings, which clearly stated that "Marc Pung has continuously occupied the subject property from late 2008 and continues to reside at the subject property," i.e., through the release of the final opinion and order in 2012.  The Tax Tribunal's factual findings therefore covered the relevant time period of this case, the tax years 2010 and 2011.  The lower court was not required to make any factual findings of its own.  It simply applied the findings of the Tax Tribunal to the statutes at issue in this case.

Next, petitioner argues that even if the lower court had jurisdiction to decide this issue, it incorrectly found that respondent is entitled to a principal residence exemption.  Again, we disagree.

---

[3] While petitioner technically filed an amended petition, it withdrew all claims against respondent.  Therefore, it was in substance a voluntary dismissal.  A court is not bound by a party's choice of labels, nor can a party avoid final judgment with artful pleadings.  *Attorney Gen v Merck Sharp & Dohme Corp*, 292 Mich App 1, 9-10; 807 NW2d 343 (2011).

First, it should be noted that all of petitioner's arguments are directed toward respondent's ability to get a principal residence exemption after Timothy Pung's death *in the first place*. The Tax Tribunal has already conclusively ruled that respondent is the owner of the property, and because Timothy and Donnamarie Pung have lived at the subject property continuously since 2004, respondent is entitled to the principal residence exemption. As a result, this Court need not address the issue. Under the doctrine of res judicata, a final judgment on the merits rendered by a court of competent jurisdiction, including the Tax Tribunal, "is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Wayne Co v City of Detroit*, 233 Mich App 275, 277; 590 NW2d 619 (1998).

Therefore, the only question relevant to this Court is whether respondent is entitled to the principal residence exemption for the tax years 2010 and 2011. Contrary to petitioner's assertion, the fact that the Tax Tribunal's decision only specifically addressed the tax years 2007-2009 does not mean that the lower court erred in granting the exemption to respondent for the tax years 2010 and 2011. TTR 205.1313(3) states:

> The appeal for each subsequent year for which an assessment has been established is added automatically to the petition for an assessment dispute as to the valuation or exemption of property at the time of the hearing. For the purposes of this subrule, an assessment has been established once the board of review has confirmed the assessment roll at the statutorily required March board of review meeting.

Because the hearing was held in 2012, under TTR 205.1313(3), the tax years 2010 and 2011 were automatically added to respondent's original appeal of the tax years listed on the petition, those being 2007-2009. The rule does not require that an exemption have been denied for each subsequent year; it provides for automatic addition of subsequent tax years for which an assessment has been established. This is reasonable given that once an assessor has taken a position, it is likely that the position will remain the same for the often lengthy period of time it may take for the Tax Tribunal to hear and resolve any appeal. Here, the tribunal's decision was issued on March 7, 2012. As of that date, the Tribunal found that Marc Pung "has continuously occupied the subject property from late 2008 and continues to reside at the subject property." The Tribunal also determined that, as of that date, "even though title to the subject property has not yet passed to Donnamarie Pung and Marc Pung, as intestate successors to Timothy Pung, both individuals are 'owners' of the subject property as that term is defined in the applicable statute." Thus, the Tribunal made all factual findings necessary to resolve whether respondent was entitled to the principal residence exemption for the 2010 and 2011 tax years. To require separate appeals would be a waste of time and resources, as evidenced by the enactment of TTR 205.1313(3).

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto